UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN C. BALLAY | CIVIL ACTION |
| versus | NO. 06-10699 |
| STATE OF LOUISIANA | SECTION: "A" (1) |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, John C. Ballay, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On August 27, 1998, he was found guilty of theft of goods in violation of Louisiana law.[2] On January 22, 1999, he was found to be a habitual offender and was sentenced as such to a term of life imprisonment without benefit of probation or suspension of sentence.[3] On February 29, 2000, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence.[4] He then filed with the Louisiana Supreme Court a related writ application which was denied on April 20, 2001.[5] He filed an application for reconsideration[6] which was likewise denied on June 15, 2001.[7]

On or after July 22, 2002, petitioner filed with the state district court a *pro se* motion to correct and/or amend sentence.[8] That motion was denied on August 23, 2002.[9]

---

[2] State Rec., Vol. IX of X, transcript of August 27, 1998, pp. 78-79; State Rec., Vol. VII of X, minute entry dated August 27, 1998; State Rec., Vol. I of X, jury verdict form.

[3] State Rec., Vol. IX of X, transcript of January 22, 1999; State Rec., Vol. I of X, minute entry dated January 22, 1999. Although petitioner was adjudicated a fourth offender, the trial judge noted that petitioner's criminal history was in fact considerably more lengthy, including "some 77 felony arrests and some 33 felony convictions ...." State Rec., Vol. IX of X, transcript of January 22, 1999, p. 7.

[4] State v. Ballay, 757 So.2d 115 (La. App. 5th Cir. 2000) (No. 99-KA-906); State Rec., Vol. I of X.

[5] State v. Ballay, 790 So.2d 13 (La. 2001) (No. 2000-K-0908); State Rec., Vol. I of X.

[6] State Rec., Vol. III of X.

[7] State v. Ballay, 793 So.2d 208 (La. 2001) (No. 2000-K-0908); State Rec., Vol. I of X.

[8] State Rec., Vol. III of X. The motion was signed on July 22, 2002; therefore, even under the mailbox rule, it could not be considered to have been filed prior to that date.

[9] State Rec., Vol. II of X, Order dated August 23, 2002.

On or after April 2, 2003, petitioner filed with the state district court a *pro se* "Application for the Issuance of the Writ of Habeas Corpus."[10] That motion was denied on April 17, 2003.[11]

On June 16, 2003, petitioner, through counsel, filed with the state district court an application for post-conviction relief.[12] The state opposed the application on procedural grounds, but the court denied the procedural objections.[13] The state sought writs[14] and, on February 17, 2005, the Louisiana Fifth Circuit Court of Appeal granted the state's application and found that petitioner's post-conviction application was untimely filed.[15] Petitioner then filed with the Louisiana Supreme Court a related writ application[16] which was denied on November 28, 2005.[17]

During the course of those proceedings, petitioner, through counsel, also filed with the state district court a "Motion to Correct Illegal Sentences" on September 29, 2003.[18] On October

---

[10] State Rec., Vol. II of X. That application was signed on April 2, 2003.

[11] State Rec., Vol. II of X, Order dated April 17, 2003.

[12] State Rec., Vol. II of X.

[13] State Rec., Vol. III of X, minute entries dated September 28, 2004, and November 2, 2004.

[14] State Rec., Vol. III of X.

[15] State v. Ballay, No. 2004-KH-1391 (La. App. 5th Cir. Feb. 17, 2005) (unpublished); State Rec., Vol. III of X.

[16] State Rec., Vol. X of X.

[17] State v. Ballay, 916 So.2d 143 (La. 2005) (No. 2005-KP-0772); State Rec., Vol. X of X.

[18] State Rec., Vol. II of X.

27, 2003, counsel was ordered to refile the motion with supporting transcripts attached,[19] which he did.[20]  After numerous filings and proceedings, the motion was ultimately denied on August 18, 2006.[21]

Petitioner, through counsel, then filed this federal application for *habeas corpus* relief on November 28, 2006.[22]  In support of his application, he argues that the Louisiana state courts wrongly denied his state post-conviction application as untimely.

The state argues, *inter alia*, that petitioner's claim is not cognizable in this federal proceeding.  As the state notes, federal *habeas corpus* relief may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Mere violations of state law will not suffice.  See Engle v. Isaac, 456 U.S. 107, 119 (1983).

To the extent that petitioner is in fact simply arguing that the state courts misapplied the state limitations period for seeking post-conviction relief, that claim clearly is not cognizable in this Court.  La. Code Crim. P. art. 930.8, which sets forth the limitations period and the exceptions thereto, is a state law provision, and, as such, its interpretation is left to the state courts.  "[I]t is not the province of a federal *habeas* court to reexamine state-court determinations on state-law

---

[19] State Rec., Vol. III of X, Order dated October 27, 2003.

[20] State Rec., Vol. III of X.

[21] State Rec., Vol. V of X, minute entry dated August 18, 2006; State Rec., Vol. V of X, Judgment and Reasons dated August 21, 2006.

[22] Rec. Doc. 1.

questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Molo v. Johnson, 207 F.3d 773, 776 n.9 (5th Cir. 2000) ("Federal *habeas* review does not extend to state court conclusions of state law."); Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal *habeas*). Simply put, a federal *habeas* court does "not sit as a 'super' state supreme court" to review alleged errors of state law. Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); see also Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991). Moreover, it has been noted: "[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation." Hassine v. Zimmerman, 160 F.3d 941, 954 (3rd Cir. 1998) (emphasis in original); White v. Carroll, 416 F.Supp.2d 270, 282 (D. Del. 2006).

In his memorandum in opposition to the state's response in this proceeding, petitioner's counsel argues that it would be incorrect to interpret the instant application as challenging only the state courts' timeliness determination. Rather, he argues that, fairly construed, the application also seeks review of the underlying Brady claim. Unlike *pro se* filings, applications submitted by counsel generally are not liberally construed, see, e.g., Beasley v. McCotter, 798 F.2d 116, 118 (5th Cir. 1986), and this Court notes that the instant federal application does indeed seem to address only the issue of whether the state courts correctly found the state application untimely. In any event, even if the federal application were considered to separately assert the underlying Brady claim, the Court finds that, as the state also notes, the federal application is nevertheless still subject to dismissal as untimely.

- 5 -

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The state argues that § 2244(d)(1)(A) is applicable in the instant case. If so, petitioner's application is untimely for the following reasons.

As noted, on April 20, 2001, the Louisiana Supreme Court denied petitioner's writ application challenging the state intermediate appellate court's judgment affirming his conviction and sentence.[23] Under § 2244(d)(1)(A), his conviction would have become "final" ninety (90) days later, i.e. on July 19, 2001, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson,

---

[23] State v. Ballay, 790 So.2d 13 (La. 2001) (No. 2000-K-0908); State Rec., Vol. I of X.

192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).[24]  Accordingly, petitioner's one-year period for seeking federal *habeas corpus* relief would have commenced at that point and expired one year later, i.e. on July 19, 2002, unless that deadline was extended through tolling.

The Court first looks to statutory tolling. The AEDPA provides: "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). A "properly filed" application is one submitted according to the state's procedural requirements. Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999). However, petitioner had no "properly filed" applications for state post-conviction relief or other collateral review pending at any time from July 19, 2001, through July 19, 2002.[25]

---

[24] The undersigned specifically rejects the contention that the finality date of petitioner's conviction was affected by the motion for reconsideration filed with respect to the Louisiana Supreme Court's decision. The Rules of the Louisiana Supreme Court expressly provide in pertinent part: "An application for rehearing will not be considered when the court has merely granted or denied an application for a writ of certiorari or a remedial or other supervisory writ ...." Louisiana Supreme Court Rule IX, § 6; see also State v. Sanders, 337 So.2d 1131 (La. 1976) ("Because rehearings are not available from denial of a writ application, we may not consider the rehearing application."). Federal *habeas corpus* jurisprudence holds that such requests for rehearing are procedurally improper and therefore do not affect the finality date of a Louisiana state court conviction. Rogers v. Cain, Civil Action No. 05-0400, 2006 WL 2178579, at *3 (E.D. La. June 2, 2006) (Moore, M.J.), *adopted* by Feldman, J., on July 28, 2006, *certificate of appealability denied*, No. 06-30879 (5th Cir. Apr. 5, 2007); McGrew v. Cain, Civil Action No. 05-0383, at pp. 17-18 (E.D. La. June 8, 2005) (Wilkinson, M.J.), *adopted* by Duval, J., on February 9, 2006, *certificate of appealability denied*, No. 06-30285 (5th Cir. Oct. 24, 2006).

[25] The only application pending during that period was the motion for reconsideration filed with the Louisiana Supreme Court. However, for the reasons set forth in *supra* note 24, that was an

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  This Court knows of no reason that

---

improper filing under Louisiana law.  Filings not allowed by state law are not "properly filed" so as to warrant statutory tolling under 28 U.S.C. § 2244(d)(2).  See Douglas v. Horn, 359 F.3d 257, 262 (3rd Cir. 2004); Brown v. Shannon, 322 F.3d 768, 775 n.5 (3rd Cir. 2003); Gaudet v. Cain, No. 01-30460, 2002 WL 243278, at *1 & n.5 (5th Cir. Jan. 18, 2002); Adeline v. Stinson, 206 F.3d 249, 252-53 (2nd Cir. 2000); Orgeron v. Cain, Civ. Action No. 06-1451, 2006 WL 2789087, at *5 (E.D. La. Sept. 8, 2006); Evans v. Senkowski, 228 F.Supp.2d 254, 263 (E.D.N.Y. 2002).

The Court also notes that at various times after July 19, 2002, petitioner subsequently filed with the state district court post-conviction motions and applications.  However, filings after expiration of the federal statute of limitations have no effect on the timeliness of a federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).  Further, out of an abundance of caution, the Court notes that, in any event, at least two of those filings were not "properly filed" so as to entitle petitioner to tolling under any circumstances.  The *pro se* motion to correct and/or amend sentence filed on or after July 22, 2002, was denied as having been filed in the wrong court.  A state application filed in the wrong court does not toll the statute of limitations. Sibley v. Culliver, 337 F.3d 1196, 1202-03 (3rd Cir. 2004); Handy v. Everett, 12 Fed. App'x 804 (10th Cir. 2001); Cunningham v. Payne, No. C05-5839, 2006 WL 1875890, at *5 (W.D. Wash. July 5, 2006); Williams v. Crosby, No. 8:03-CV-1574-T-27, 2006 WL 1823437, at *3 (M.D. Fla. June 30, 2006).  As to the post-conviction application filed on June 16, 2003, it was ultimately denied by the state courts as untimely filed.  The United States Supreme Court has made clear that when, as here, the state courts have rejected a state post-conviction application as untimely, it cannot be considered a "properly filed" application and does not entitle a petitioner to any statutory tolling under 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  The Supreme Court concisely noted that when the state courts deny a state application as untimely "'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414 (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)).

would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Accordingly, because petitioner is entitled to neither statutory nor equitable tolling, § 2244(d)(1)(A) would require that his federal application for *habeas corpus* relief be filed on or before July 19, 2003, in order to be timely. In that his federal application was not filed until November 28, 2006, it would therefore be untimely under that provision.

Out of an abundance of caution, the Court further notes that the application would be untimely even if it were considered under 28 U.S.C. § 2244(d)(1)(D). As noted, § 2244(d)(1)(D) delays the commencement of the AEDPA's statute of limitations until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In the instant case, petitioner claims that exculpatory documents were withheld from the defense, and that the defense did not procure those documents until the district attorney's file was reviewed long after petitioner's conviction. However, even if § 2244(d)(1)(D) were applicable, that would not aid petitioner in this case for two reasons.

First, petitioner's Brady claim is that the prosecution withheld a statement Ms. Berkel gave to Jefferson Parish Sheriff's Office in which she allegedly made comments inconsistent with her trial testimony. However, it is clear that fact was known by defense counsel at the time of trial, in that he asked for the statement to be produced.[26] When counsel first knew of the existence of the statement, he was at that point aware of the "factual predicate" of the claim. Section 2244(d)(1)(D) did not delay commencement of the federal statute of limitations until he actually obtained a copy

---

[26] State Rec., Vol. VIII of X, transcript of August 26, 1998, pp. 187-90.

of that statement. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998) (knowledge of the claim is the triggering event; the limitations period is not delayed while a petitioner gathers evidence in support of a claim of which he has knowledge); see also Poree v. Miller, Civil Action No. 05-3701, 2007 WL 1139749, at *4-5 (E.D. La. Apr. 17, 2007).

Second, further, even if the Court were to assume that § 2244(d)(1)(D) *would* delay the commencement of the statute of limitations until a copy of the statement could have been obtained, petitioner fares no better. Even under that scenario, the limitations period would run not from when the statement *was in fact obtained,* but rather only from the point in time at which it *could have been obtained through the exercise of due diligence.* Therefore, even if the statement could have been obtained only from the district attorney's file, the Court must determine when, through the exercise of due diligence, petitioner could first have obtained access to that file. That answer is provided by state law.

The Louisiana Public Records Law provides that a district attorney's file is subject to disclosure as a public record when the underlying criminal litigation is "finally adjudicated or otherwise settled." La.Rev.Stat.Ann. § 44:3(A)(1). "In the context of § 3(A)(1), instituted criminal litigation is 'finally adjudicated' when the conviction becomes final ([La.C.Crim.P.] Art. 922) or is 'otherwise settled' either by dismissal or by nolle prosse of the formal accusation of the DA." Harrison v. Norris, 569 So.2d 585, 589 (La. App. 2d Cir. 1990) (emphasis omitted); see also Wallace v. Ware, 657 So.2d 734, 737 (La. App. 1st Cir. 1995) ("[A] criminal defendant cannot be denied access to his criminal files after his conviction becomes final.") The possibility that a convicted person may still seek post-conviction relief has no effect on § 3(A)(1). "Post conviction relief ... is

not 'criminal litigation' within the meaning of the Public Records Act." Lemmon v. Connick, 590 So.2d 574, 575 (La. 1991) (per curiam).

Pursuant to La.C.Cr.P. art. 922, petitioner's conviction and sentence became final for state law purposes on April 20, 2001, when the Louisiana Supreme Court denied petitioner's writ application challenging the Louisiana Fifth Circuit Court of Appeal's decision affirming his conviction and sentence.[27] It was at that point that petitioner could have gained access to the district attorney's file through a public records request and obtained a copy of the disputed statement. However, from that point, petitioner allowed well over a year to elapse before he filed either a federal application or a state application for post-conviction relief or other collateral review. Therefore, even if § 2244(d)(1)(D) were applicable, petitioner's federal application would still be untimely.

Accordingly, in that petitioner's federal application is untimely under either § 2244(d)(1)(A) or (D), and in that § 2244(d)(1)(B) and (C) are clearly inapplicable, the undersigned finds that, even if the application is construed as presenting a cognizable federal claim, it is still subject to dismissal as untimely filed.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by John C. Ballay be **DISMISSED WITH PREJUDICE**.

---

[27] The provisions of article 922 delaying finality until the expiration of time for filing an application for rehearing are inapplicable because, as previously noted in this opinion, rehearings are not available in cases such as this one where the Louisiana Supreme Court merely denied a writ application. Louisiana Supreme Court Rule IX, § 6; see also State v. Sanders, 337 So.2d 1131 (La. 1976).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fourth day of June, 2007.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**